UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANIER THOMPSON,

                Plaintiff,                Case No. 2:15-cv-163

v.                                        Honorable Robert Holmes Bell

UNKNOWN STENGLEIN, et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Russell, Napel, Baldini, and Caron. The Court will serve the complaint against Defendants Stenglein, Ogle, Johnson, Holman, Schroderus, and Priesk.

**Discussion**

I.  Factual allegations

Plaintiff Lanier Thompson, a state prisoner currently confined at the Macomb Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Defendants Corrections Officer Unknown Stenglein, Hearing Administrator Richard Russell, and Corrections Officers Unknown Ogle, Unknown Johnson, Unknown Holman, and Unknown Schroderus.  Plaintiff also names Chaplain Unknown Priesk, Warden Robert Napel, Sergeant Unknown Baldini, and Grievance Coordinator Glenn Caron as Defendants.

In Plaintiff's complaint, he alleges that on June 24, 2015, while he was confined at the Marquette Branch Prison (MBP), he was falsely accused of eating from a regular tray before sunset during Ramadan.  Plaintiff states that as a result, he was removed from the Ramadan list and was not given his Ramadan meal after sundown for a period of 15 days.  Plaintiff states that he continued to fast during the day because of his religious beliefs and was thus deprived of all food, which resulted in a weight loss of 12 pounds, causing Plaintiff's weight to drop from 226 pounds to 214 pounds.

Plaintiff contends that Defendants Ogle, Johnson, and Holman all refused to give Plaintiff Ramadan meals during the 15 day time period.  Plaintiff alleges that on July 9, 2015, he told Defendant Priesk that he had been improperly removed from the Ramadan meal list.  Defendant Priesk stated that he was aware of the problem and had told Food Service to place Plaintiff back on the Ramadan list.  Defendant Priesk told Plaintiff that he would be getting a Ramadan meal bag that evening.  Defendant Priesk apologized to Plaintiff for having to go through that experience, but also

said that maybe it was good that Plaintiff had lost some weight. When Plaintiff became angry, Defendant Priesk said he was just joking with Plaintiff.

Approximately one hour later, Defendant Schroderus told Plaintiff that paperwork was being completed to keep Plaintiff off of the Ramadan meal list. Plaintiff claims that at approximately 4:00 pm, Defendant Schroderus reviewed a Notice of Intent with Plaintiff. The Notice of Intent had been written by Defendant Stenglein and indicated that he had observed Plaintiff accepting a meal tray. Plaintiff states that Defendant Stenglein could not have seen Plaintiff eating in his cell from his work area and was obviously lying in the Notice of Intent. Defendant Schroderus told Plaintiff that he could lie about Plaintiff and get away with it, that Plaintiff would not be believed, and that Plaintiff had better eat his regular meal or he would starve. Defendant Schroderus also said that he hated all Muslims because they were terrorists. Consequently, Plaintiff took his dinner tray and wrapped up the food until the sun went down, after which Plaintiff ate for the first time in 15 days.

Plaintiff alleges that he was seen by a nurse on July 8, 9, 10, and 14, 2015, and was found to be suffering from weight loss and high blood pressure. By the time that Plaintiff was seen by the doctor on July 14, 2015, he had been eating regularly and his blood pressure had returned to normal. Plaintiff claims that Defendants Russell and Baldini improperly denied his grievance regarding the denial of Ramadan meals. Plaintiff states that Defendant Napel failed to intervene on Plaintiff's behalf while he was being denied food or to properly supervise Defendants Stenglein, Ogle, Johnson, Holman, and Schroderus. Plaintiff claims that following the issuance of the Notice of Intent, Defendant Priesk refused to place Plaintiff back on a vegan menu in compliance with policy. Finally, Plaintiff claims that Defendant Caron failed to process his grievance at step I, so that

Plaintiff was forced to file his grievance with Defendant Russell directly to step III. Plaintiff seeks damages and equitable relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Russell, Napel and Baldini, other than his claim that they failed to conduct an investigation in response to his grievances or to properly supervise subordinates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Russell, Napel and Baldini engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Plaintiff alleges that Defendant Caron refused to process his grievance at step I, so Plaintiff was forced to file it directly with Defendant Russell at step III. Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendant Caron's conduct did not deprive him of due process.

Moreover, Defendant Caron's actions have not barred Plaintiff from seeking a remedy for his grievances. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). Indeed, his ability to seek redress is underscored by his pro se invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the

process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Kennedy v. Tallio,* 20 F. App'x 469, 470 (6th Cir. 2001). In light of the foregoing, the Court finds that Plaintiff fails to state a cognizable claim against Defendant Caron.

The Court concludes that Plaintiff's First, Eighth, and Fourteenth Amendment claims against Defendants Stenglein, Ogle, Johnson, Holman, Schroderus, and Priesk are not clearly frivolous and may not be dismissed on initial review.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Russell, Napel, Baldini, and Caron will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Stenglein, Ogle, Johnson, Holman, Schroderus, and Priesk.

An Order consistent with this Opinion will be entered.

Dated: May 9, 2016                                  /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE