UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANIER THOMPSON,

       Plaintiff,

v.                                     Case No. 2:15-cv-163
                                     HON.  ROBERT HOLMES BELL

UNKNOWN STENGLEIN,  et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Lanier Thompson pursuant to 42 U.S.C. § 1983.  Defendants filed a motion for summary judgment (ECF No. 14) on the ground that Plaintiff failed to exhaust his available administrative remedies.  Plaintiff did not file a response.   Plaintiff filed this complaint against the remaining Defendants Chaplain Priesk, and Corrections Officers Stenglein, Ogle, Johnson, Holman, and Schroderus.    Plaintiff alleges that Defendants violated his First, Eighth, and Fourteenth Amendment rights while he was confined in the Marquette Branch Prison.

The facts were summarized in the Court's Opinion dated May 9, 2016:

In Plaintiff's complaint, he alleges that on June 24, 2015, while he was confined at the Marquette Branch Prison (MBP), he was falsely accused of eating from a regular tray before sunset during Ramadan. Plaintiff states that as a result, he was removed from the Ramadan list and was not given his Ramadan meal after sundown for a period of 15 days. Plaintiff states that he continued to fast during the day because of his religious beliefs and was thus deprived of all food, which resulted in a weight loss of 12 pounds, causing Plaintiff's weight to drop from 226 pounds to 214 pounds.

Plaintiff contends that Defendants Ogle, Johnson, and Holman all refused to give Plaintiff Ramadan meals during the 15 day time

period. Plaintiff alleges that on July 9, 2015, he told Defendant Priesk that he had been improperly removed from the Ramadan meal list. Defendant Priesk stated that he was aware of the problem and had told Food Service to place Plaintiff back on the Ramadan list. Defendant Priesk told Plaintiff that he would be getting a Ramadan meal bag that evening. Defendant Priesk apologized to Plaintiff for having to go through that experience, but also said that maybe it was good that Plaintiff had lost some weight. When Plaintiff became angry, Defendant Priesk said he was just joking with Plaintiff.

Approximately one hour later, Defendant Schroderus told Plaintiff that paperwork was being completed to keep Plaintiff off of the Ramadan meal list. Plaintiff claims that at approximately 4:00 pm, Defendant Schroderus reviewed a Notice of Intent with Plaintiff. The Notice of Intent had been written by Defendant Stenglein and indicated that he had observed Plaintiff accepting a meal tray. Plaintiff states that Defendant Stenglein could not have seen Plaintiff eating in his cell from his work area and was obviously lying in the Notice of Intent. Defendant Schroderus told Plaintiff that he could lie about Plaintiff and get away with it, that Plaintiff would not be believed, and that Plaintiff had better eat his regular meal or he would starve. Defendant Schroderus also said that he hated all Muslims because they were terrorists. Consequently, Plaintiff took his dinner tray and wrapped up the food until the sun went down, after which Plaintiff ate for the first time in 15 days.

Plaintiff alleges that he was seen by a nurse on July 8, 9, 10, and 14, 2015, and was found to be suffering from weight loss and high blood pressure. By the time that Plaintiff was seen by the doctor on July 14, 2015, he had been eating regularly and his blood pressure had returned to normal.

ECF No. 6, PageID.85-86.  Defendants Priesk, Ogle, Johnson, Holman, and Schroderus argue that Plaintiff failed to properly grieve the issues he is asserting in his complaint.  Defendant Stenglein does not join in this motion.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for

determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so

powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-1860 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control  *Id.* at ¶ P.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶¶ P, V.  The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely.  Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included."  *Id.* at ¶ R (emphasis in original).[1]  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent.  *Id.* at ¶ V.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due.  *Id.* at ¶¶ T, BB.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances.  *Id.* at ¶ DD.  If the inmate is still dissatisfied with the Step II

---

[1] In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved.  The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion."  *Id.* at 3.  The Sixth Circuit failed to provide any guidance as to how the MDOC might determine who the plaintiff intended to name in a future federal lawsuit at the time the plaintiff filed his Step I grievance.

response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ T, FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ T, FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved . . . ." *Id.* at ¶ S.

In addition, the grievance policy provides that, where the grievance alleges conduct that falls under the jurisdiction of the Internal Affairs Division pursuant to PD 01.01.140, the prisoner may file his Step I grievance directly with the inspector of the institution in which the prisoner is housed, instead of with the grievance coordinator, as set forth in ¶ V of PD 03.02.130. *Id.* at ¶Q. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.* Regardless of whether the grievance is filed with grievance coordinator or the inspector, the grievance will be referred to the Internal Affairs Division for review and will be investigated in accordance with PD 01.01.140. The prisoner will be promptly notified that an extension of time is needed to investigate the grievance. *Id.*

Plaintiff exhausted one grievance while confined at Marquette Branch Prison in 2015. MDOC Prisoner Step III Grievance Report, PageID.123-133. In MBP-15-07-1122-09z Plaintiff complained at Step I that Defendant Stenglein removed Plaintiff from the Ramadan participant list because Plaintiff had accepted other non-approved meal trays. PageID.138. The grievance was denied at Step I. PageID.139. Plaintiff failed to name Defendants Priesk, Ogle, Johnson, Holman, or Schroderus in his grievance. Plaintiff's Step II appeal was denied, and the

Step II response further indicated that "Any additional issues will not be addressed during the Step II appeal in accordance with PD-03.02.130 Prisoner Parolee Grievances." PageID.137. The Step II appeal decision was upheld at Step III. PageID.135. In the opinion of the undersigned, Plaintiff failed to exhaust his grievance remedies against Defendants Priesk, Ogle, Johnson, Holman, and Schroderus. The Step II response clearly indicated that the grievance responder would not consider issues that Plaintiff failed to address in his Step I grievance, including issues asserted against officers other than those named at Step I. Defendants Priesk, Ogle, Johnson, Holman, and Schroderus were not named by Plaintiff at Step I and, therefore, the claims asserted against them are considered unexhausted.

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 14) be granted. It is therefore recommended that Defendants Priesk, Ogle, Johnson, Holman, and Schroderus be dismissed without prejudice due to Plaintiff's failure to exhaust his administrative grievance remedies. If the Court accepts this recommendation only Defendant Stenglein will remain as a Defendant in this case.

Dated:         October 26, 2016                        /s/ Timothy P. Greeley
                                                       TIMOTHY P. GREELEY
                                                       UNITED STATES MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).