UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANIER THOMPSON,

    Plaintiff,

Case No. 2:15-cv-163

v.

HON. ROBERT HOLMES BELL

UNKNOWN STENGLEIN, et al.,

    Defendants.
                            /

## MEMORANDUM OPINION AND ORDER APPROVING
## AND ADOPTING THE REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On October 26, 2016, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that the motion for summary judgment filed by Defendants Priesk, Ogle, Johnson, Holman, and Schroderus for failure to exhaust administrative remedies (ECF No. 14) be granted. (ECF No. 17.) The matter is before the Court on Plaintiff's objections to the R&R. (ECF No. 18.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must

be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## I.

Plaintiff objected to the Magistrate Judge's conclusion that he did not fully exhaust his administrative remedies. Plaintiff argues that he listed Defendants Ogle, Johnson, Holman, and Schroderus in Step II and Step III of his grievance. He explains that he exhausted administrative remedies as best he could, and he did not include Defendants Ogle, Johnson, Holman, and Schroderus in Step I because he could not name them. He also argues that the jail did not process an additional grievance that he filed. In his objection, he further asserts that Defendant Stenglein refused to check the log book or video to see who was working.

## II.

Michigan Department of Corrections ("MDOC") policy "[does] not contain any provision specifying who must be named in a grievance." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Rather, it requires "only that prisoners be as specific as possible in their grievances[.]" *Id.* Thus, "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219.

Initially, Plaintiff did not identify any officer by name in his Step I grievance. In his Step II grievance, Plaintiff identified Defendants Stenglein, Ogle, Johnson, Holman, and

Schroderus.  (ECF No. 15-3, PageID.136-37.)  On Step II appeal, the warden reviewed Plaintiff's claim against Defendant Stenglien, but noted that "[a]ny additional issues will not be addressed during Step II appeal in accordance with PD-3.02.130 Prisoner Parolee Grievances." (ECF No. 15-3, PageID.137.)  This decision was upheld at Step III.  The only issue that Plaintiff raised at Step I was that an officer refused to serve him a Ramadan food tray.  At Step II, Plaintiff raised additional issues that Defendants Schroderus and Holman crossed Plaintiff's name off of the Ramadan list, and that Defendants Ogle and Johnson lied to him and refused to give him food.  Even though Plaintiff is not required to name each Defendant in his Step I grievance, he cannot add new issues at Step II under MDOC Policy.  Therefore, Plaintiff's objection is without merit.  For the same reason, his objection that he did not list Defendants Ogle, Johnson, Holman, and Schroderus in Step I because he could not name them is also without merit.

Plaintiff also contends that he wrote another grievance, which the jail did not process. Plaintiff did not respond to Defendants' motion for summary judgment nor has he alleged or provided any support for this claim. When a motion for summary judgment is filed, the Court must draw all justifiable inferences in favor of the non-moving party.  *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)).  Nonetheless, a "plaintiff must do more than rely merely on the allegations of her pleadings or identify a 'metaphysical doubt' or hypothetical 'plausibility' based on a lack of evidence; [a plaintiff] is obliged to come forward with

'specific facts,' based on 'discovery and disclosure materials on file, and any affidavits[.]'" *Chappell v. City of Cleveland*, 585 F.3d 901, 912 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586-87). Although an administrative procedure is unavailable when "it operates as a simple dead end--with officers unable or consistently unwilling to provide any relief to aggrieved inmates," *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016), Plaintiff has not provided the Court with any specific facts to support this claim. Therefore, his conclusory claim that the jail did not process an additional grievance is insufficient to overcome Defendants' motion for summary judgment.

Defendant Stenglein did not join the motion for summary judgment, and the Magistrate Judge did not review any of the claims against Defendant Stenglein. Therefore, Plaintiff's objection with respect to Defendant Stenglein is without merit. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 18) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 17) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 14) is **GRANTED**, and Defendants Priesk, Ogle, Johnson, Holman, and Schroderus are **DISMISSED.**

Dated: December 2, 2016             /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE