UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANIER THOMPSON,

    Plaintiff,

v.                                                                   Case No. 2:15-cv-163
                                                                  HON. GORDON J. QUIST
UNKNOWN STENGLEIN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Lanier Thompson, an inmate currently confined at the Gus Harrison Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Unknown Stenglein, Hearing Administrator Richard Russell, and Corrections Officers Unknown Ogle, Unknown Johnson, Unknown Holman, Unknown Schroderus, Chaplain Unknown Priesk, Warden Robert Napel, Sergeant Unknown Baldini, and Grievance Coordinator Glenn Caron. Defendant Daniel Stenglein, the only remaining defendant in this case, now moves for summary judgment. Plaintiff claims:

> [O]n June 24, 2015, while he was confined at the Marquette Branch Prison (MBP), he was falsely accused of eating from a regular tray before sunset during Ramadan. Plaintiff states that as a result, he was removed from the Ramadan list and was not given his Ramadan meal after sundown for a period of 15 days. Plaintiff states that he continued to fast during the day because of his religious beliefs and was thus deprived of all food, which resulted in a weight loss of 12 pounds, causing Plaintiff's weight to drop from 226 pounds to 214 pounds.
>
> Plaintiff contends that Defendants Ogle, Johnson, and Holman all refused to give Plaintiff Ramadan meals during the 15 day time period. Plaintiff alleges that on July 9, 2015, he told Defendant Priesk that he had been improperly removed from the Ramadan meal list. Defendant Priesk stated that he was aware of the problem and had told Food Service to place Plaintiff back on the Ramadan list. Defendant Priesk told Plaintiff that he would be getting a Ramadan meal bag that evening. Defendant

Priesk apologized to Plaintiff for having to go through that experience, but also said that maybe it was good that Plaintiff had lost some weight. When Plaintiff became angry, Defendant Priesk said he was just joking with Plaintiff.

Approximately one hour later, Defendant Schroderus told Plaintiff that paperwork was being completed to keep Plaintiff off of the Ramadan meal list. Plaintiff claims that at approximately 4:00 pm, Defendant Schroderus reviewed a Notice of Intent with Plaintiff. The Notice of Intent had been written by Defendant Stenglein and indicated that he had observed Plaintiff accepting a meal tray. Plaintiff states that Defendant Stenglein could not have seen Plaintiff eating in his cell from his work area and was obviously lying in the Notice of Intent. Defendant Schroderus told Plaintiff that he could lie about Plaintiff and get away with it, that Plaintiff would not be believed, and that Plaintiff had better eat his regular meal or he would starve. Defendant Schroderus also said that he hated all Muslims because they were terrorists. Consequently, Plaintiff took his dinner tray and wrapped up the food until the sun went down, after which Plaintiff ate for the first time in 15 days.

Plaintiff alleges that he was seen by a nurse on July 8, 9, 10, and 14, 2015, and was found to be suffering from weight loss and high blood pressure. By the time that Plaintiff was seen by the doctor on July 14, 2015, he had been eating regularly and his blood pressure had returned to normal.

*See* ECF No. 6, PageID.85-86.

Defendant Stenglein moves for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad*

*v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Stenglein asserts that he is entitled to summary judgment because he was not personally involved in the alleged misconduct in this case. Plaintiff must establish that Defendant Stenglein was personally involved, or that he otherwise encouraged or condoned the action of the offending employees. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976) and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). There must be more than merely a right to control employees, as plaintiff must show that Defendant Stenglein at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending employees. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Defendants offer the affidavit of Chaplain Prisk in support of the motion for summary judgment. Chaplain Prisk attests that he approved Plaintiff's request to participate in the 2015 Ramadan fast. *See* ECF No. 31-2, PageID.194. The MDOC permits a prisoner to be removed from the Ramadan meal bag program if he is observed violating the fast via the issuance of a Notice of Intent. *Id.* Chaplain Prisk attests that he did not remove Plaintiff from the Ramadan meal bag list, nor did he authorize anyone to remove Plaintiff from the list. Chaplain Prisk further states that when

it was brought to his attention that Plaintiff had not been receiving meal bags, Chaplain Prisk contacted housing staff to see if a Notice of Intent had been written. When Chaplain Prisk was not able to verify that a Notice of Intent had been written, he contacted the Aramark supervisor and told her to place Plaintiff back on the program. The supervisor assured Chaplain Prisk that Plaintiff was receiving Ramadan meal bags. *Id.*

In support of this motion, Defendant Stenglein attests that he does not recall ever having issued a Notice of Intent requesting that any prisoner be removed from the Ramadan meal list. Defendant Stenglein states that he would have remembered taking such an action if he had ever done so. *See* ECF No. 31-3, PageID.207. In Plaintiff's complaint, he alleges that he received a Notice of Intent which indicated that Defendant Stenglein watched Plaintiff eat regular food for a seven day period. Defendant Stenglein asserts that he would never have made such a statement because he was not working in the housing unit for a period of seven days in a row during the pertinent time period. *Id.*

Corrections Officer Mathew Schroderus attests that he has no recollection of telling Plaintiff that Defendant Stenglein was issuing a Notice of Intent to remove Plaintiff from the Ramadan meal list. *See* ECF No.31-4, PageID.211. Corrections Officer Schroderus also attests that he never told Plaintiff that he was going to lie about Plaintiff accepting a regular food tray. *Id.* Corrections Officer Schroderus did not serve a Notice of Intent to remove Plaintiff from the Ramadan meal list. Corrections Officer Schroderus recalls Plaintiff eating several regular dinner trays during the time period in which Plaintiff claims he was fasting for Ramadan. However, Corrections Officer Schroderus is unaware of any staff member serving or issuing a Notice of Intent to remove Plaintiff from the Ramadan meal list. *Id.*

In his response, Plaintiff reasserts the allegations in his complaint. In addition, Plaintiff offers a copy of the step I response to grievance number MBP 15070112209Z, dated July 12, 2015. *See* ECF No. 33-2, PageID.220. In the response, Sergeant Baldini states:

> All relevant parties to this grievance were interviewed. [Plaintiff] could still not positively identify what officer had "removed/denied" him from the Ramadan list. [Plaintiff] further stated that since he had written this grievance he had this grievance he had received a Notice of Intent, written by [Defendant] Stenglein, that he was to be removed from Ramadan. I then interviewed [Defendant] Stenglein who stated that prisoner Thompson had accepted numerous trays other than for his approved Ramadan meal, therefore he wrote the Notice of Intent. P.D. 05.03.150 states in part "A prisoner approved to eat from a religious menu shall have that approval rescinded if s/he eats, or has in his/her possession, any food item that violates a tenet of his/her designated religion." Grievance is denied at step I.

*Id.*

Plaintiff also offers a copy of a Notice of Intent to Conduct an Administrative Hearing written by Defendant Stenglein on July 9, 2015, in which Defendant Stenglein asserts that Plaintiff "has received regular meal trays for over a 7 day period." *See* ECF No. 33-2, PageID.221. The Notice of Intent also states "Remove from Ramadan meals Thompson has been observed eating regular meals." *Id.* The notation in the prisoner signature section states that Plaintiff refused to sign the form. The name in the staff member section is that of Corrections Officer Schroderus. *Id.*

In the opinion of the undersigned, Plaintiff has met his burden of showing that there is a genuine issue of material fact regarding whether Defendant Stenglein was personally involved in the removal of Plaintiff from the Ramadan meal list. Therefore, Defendant Stenglein is not entitled to summary judgment on that basis.

Defendant Stenglein also states that he is entitled to qualified immunity because the conduct asserted by Plaintiff in his complaint does not violate clearly established law. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally

are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir.2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Determining whether the government officials in this case are entitled to qualified immunity generally requires two inquiries: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" *Id.* at 538-39 (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006)); *cf. Pearson v. Callahan*, 555 U.S. 223 (2009) (holding that the two-part test is not longer considered mandatory; thereby freeing district courts from rigidly, and potentially wastefully, applying the two-part test in cases that could more efficiently be resolved by a modified application of that framework).

As noted above, Plaintiff's complaint asserts that he was falsely accused of eating from the regular meal trays, which resulted in his ability to receive Ramadan meal bags. Consequently, the only way that Plaintiff could observe Ramadan was to go hungry. The RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). While the phrase "substantial burden" is not defined in RLUIPA, courts have concluded that a burden is substantial where it forces an individual to choose between the tenets of his religion and foregoing governmental benefits or places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 733-34 (6th Cir. 2007) (citations omitted); *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005) (recognizing that RLUIPA's institutionalized persons provision was intended to alleviate only "exceptional" burdens on religious

exercise); *Marshall v. Frank*, 2007 WL 1556872 at *5 (W.D. Wis. May 24, 2007) (quoting *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003)) (a substantial burden is one which renders religious exercise "effectively impracticable"). The wilful removal of Plaintiff from the Ramadan meal list based on false accusations constitutes such a substantial burden. Therefore, the undersigned recommends that Defendant Stenglein's request for qualified immunity be denied.

In summary, in the opinion of the undersigned, Plaintiff has sustained his burden of proof in response to Defendant Stenglein's motion for summary judgment. Accordingly, it is recommended that Defendant Stenglein's motion for summary judgment (ECF No. 30) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: April 18, 2017

        */s/ Timothy P. Greeley*
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE